UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMIE MENDEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:05-CV-503 CAS |
| | ) |
| WARREN COUNTY, and | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Jamie Mendez (registration no. 42867) for leave to commence this action without payment of the required filing fee [Doc. #2]. Also before the Court is petitioner's motion to disqualify the state judge presiding over his state criminal case.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.[1] If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C.

---

[1] Although it appears that petitioner is no longer confined, he was incarcerated at the Warren County Jail when he filed the instant action.

§ 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on March 28, 2005. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $10.00, and an average monthly account balance of $7.80. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff

2

can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The petition**

Petitioner seeks a writ of mandamus pursuant to 28 U.S.C. § 1651 in this action against respondents Warren County and State of Missouri. Liberally construing petitioner's allegations, there is a criminal action pending against him in the Warren County Circuit Court, over which Judge Sutherland is presiding. In the state action, petitioner asserts that Judge Sutherland has denied him his right to counsel and, therefore, plaintiff is forced to proceed pro se.[2] Plaintiff further asserts, however, that Judge Sutherland has also denied him adequate access to the law library. Therefore, petitioner claims he is being denied adequate

---

[2]In a related case filed the same day as the instant action, however, plaintiff asserts that Judge Sutherland is denying him the right to call his lawyer for the purpose of having money released by the lawyer to his family. See Mendez v. Warren County, No. 4:05-CV-504 ERW (E.D. Mo.).

3

representation in his state criminal action. Petitioner asks this Court "to issue a show cause order to the Respondent[s] to show cause why [his] due process rights to . . . use . . . the Law Library is being repeatedly denied."

**Discussion**

Petitioner's request for a writ of mandamus is legally frivolous. Cf. Veneri v. Circuit Court of Gasconade Co., 528 F.Supp. 496, 498 (E.D. Mo. 1981)(federal courts have no superintending control over and are without authority to issue writ of mandamus to direct state court or its judicial officers in performing duties). Moreover, to the extent that petitioner is attempting to challenge Judge Sutherland's denial of his requests to access the law library, the instant mandamus petition is without merit. Assuming for the sake of argument that Judge Sutherland's actions violate petitioner's constitutional right to adequate representation, these alleged violations may be raised and, if necessary, addressed on appellate review of the state action. Federal district courts, though, are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." Id.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall pay an initial partial filing fee of $2.00 within thirty (30) days from the date of this order. Petitioner is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition, because the petition is legally frivolous or fails to state a claim upon which relief may be granted, or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that petitioner's motion to disqualify the state judge presiding over his state case [Doc. #4] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __18th__ day of August, 2005.